**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 3, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.   2019AP1033**

Cir. Ct. No.  2017ME102

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

IN THE MATTER OF THE MENTAL COMMITMENT OF S. A. M.:

SAUK COUNTY,

    PETITIONER-RESPONDENT,

  V.

S. A. M.,

    RESPONDENT-APPELLANT.

APPEAL from orders of the circuit court for Sauk County: PATRICK J. TAGGART, Judge. *Dismissed*.

¶1    NASHOLD, J.[1]  S.A.M. challenges an order of the circuit court extending his involuntary commitment for a six-month period.[2]  The extension, also referred to in this opinion as a recommitment, expired on or about February 1, 2019.  For the reasons set forth below, I conclude that S.A.M.'s challenge to the recommitment order is moot and that S.A.M. has not shown that an exception to the mootness doctrine applies.  Therefore, S.A.M.'s appeal is dismissed.

## BACKGROUND

¶2    S.A.M. has been diagnosed with bipolar disorder, and on February 2, 2018, was involuntarily committed to mental health treatment pursuant to WIS. STAT. ch. 51 for a period of six months.  On June 22, 2018, Sauk County filed a petition to extend S.A.M.'s involuntary commitment for twelve months.  S.A.M. contested the petition, and the circuit court held a recommitment hearing.

¶3    Following the hearing, the circuit court issued an order extending S.A.M.'s commitment for six months rather than the twelve months requested by the County.  The parties agree that the six-month recommitment order expired on or about February 1, 2019.  On June 3, 2019, approximately four months after the recommitment order had expired, appointed counsel for S.A.M. filed a notice of appeal from the order extending S.A.M.'s commitment.  On August 6, 2019, this court issued an order stating that S.A.M.'s appeal appeared to be moot, and

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d).  All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] S.A.M.'s notice of appeal also states that he is appealing an involuntary medication and treatment order.  However, S.A.M.'s appellate brief does not address the involuntary medication and treatment order; therefore, the issue is abandoned.  *See* **State v. Robinson**, 2009 WI App 97, ¶1 n.2, 320 Wis. 2d 689, 770 N.W.2d 721.

ordering the parties to address the issue of mootness as the first issue in their appellate briefs. The parties have complied with this court's order.

## DISCUSSION

¶4 S.A.M. raises two challenges to his recommitment. First, he argues that the County failed to prove by clear and convincing evidence that he was dangerous as required by WIS. STAT. § 51.20. Second, he contends that the recommitment violated his right to procedural due process. Because I conclude that S.A.M.'s appeal is moot, I do not reach the merits of S.A.M.'s challenges to his recommitment.

¶5 Mootness is an issue that this court reviews de novo. *Waukesha Cty. v. S.L.L.*, 2019 WI 66, ¶10, 387 Wis. 2d 333, 929 N.W.2d 140. "'An issue is moot when its resolution will have no practical effect on the underlying controversy.'" *Portage Cty. v. J.W.K.*, 2019 WI 54, ¶11, 386 Wis. 2d 672, 927 N.W.2d 509 (quoting *PRN Assocs. LLC v. DOA*, 2009 WI 53, ¶25, 317 Wis. 2d 656, 766 N.W.2d 559). This court generally declines to reach moot issues unless the issue falls within one of five exceptions: (1) the issue is of great public importance; (2) the issue involves the constitutionality of a statute; (3) the issue arises often and a decision from this court is essential; (4) the issue is likely to recur and must be resolved to avoid uncertainty; or (5) the issue is likely to repeat and yet evades review. *See id.*, ¶12.

¶6 The County argues that S.A.M.'s recommitment is a moot issue because his recommitment has expired, and the issue does not fall within any of the five exceptions set forth above. The County relies primarily on *J.W.K.*, in which our supreme court considered whether J.W.K.'s challenge to a 2016 recommitment order was rendered moot because the 2016 order expired after the

court extended J.W.K.'s commitment in 2017 under a separate order. *Id.*, ¶1. In concluding that J.W.K.'s challenge was moot, the court stated: "Reversing the expired 2016 order for insufficient evidence would have no effect on subsequent recommitment orders because later orders stand on their own under the language of the statute." *Id.* The court further stated that "[a]n appeal of an expired commitment order is moot," and that reversing the expired order "'will have no practical effect on the underlying controversy'" because J.W.K. "is no longer subject to the 2016 order." *Id.*, ¶14 (quoted source omitted).[3]

¶7 S.A.M. seeks to distinguish this case from *J.W.K.* on the ground that J.W.K. did not assert that collateral consequences resulted from his expired extension order. S.A.M. points to the *J.W.K.* court's statement that its holding with respect to mootness was "limited to situations where, as here, no collateral implications of the commitment order are raised." *See id.*, ¶28 n.11. S.A.M. contends that, although he is no longer subject to the recommitment order, his challenge to the order is not moot because he is subject to three collateral consequences: (1) a firearms ban; (2) the stigma associated with being subject to an involuntary commitment order; and (3) possible liability for costs of his care. S.A.M.'s arguments are not persuasive.

¶8 With regard to the firearms ban, I note that, after briefing was completed in this case, our supreme court addressed this issue in the context of an

---

[3] On August 20, 2020, our supreme court accepted review in *Portage County v. E.R.R.*, No. 2019AP2033, unpublished slip op. (WI App May 21, 2020). As in *Portage County v. J.W.K.*, 2019 WI 54, 386 Wis. 2d 672, 927 N.W.2d 509, the *E.R.R.* court determined that E.R.R.'s challenge to his recommitment order was moot because a new order extending his commitment had been entered and E.R.R. was therefore no longer subject to the recommitment order at issue on appeal. *E.R.R.*, No. 2019AP2033, ¶10. Unlike in *E.R.R.* and *J.W.K.*, in the instant case there is no indication in the record, nor do the parties contend, that S.A.M. was subject to an additional recommitment order following expiration of the recommitment order appealed here.

initial commitment in *Marathon County v. D.K.*, 2020 WI 8, 390 Wis. 2d 50, 937 N.W.2d 901. In that case, D.K. was civilly committed, and he appealed the commitment order. *Id.*, ¶¶11-13. Five days after his notice of appeal was filed, D.K.'s commitment order expired, and the County did not seek an extension. *See id.*, ¶13. The County argued that D.K.'s challenge to his commitment was moot because his commitment had expired and the issue did not fall within any of the exceptions to the mootness doctrine. *Id.*, ¶20. D.K. countered that his appeal was not moot because, even though his commitment had expired, three collateral consequences of his commitment remained: liability for costs of his care; a firearms prohibition; and the negative stigma attached to a mental commitment. *Id.* The court agreed with D.K. that his appeal was not moot, concluding: "On appeal, a decision in D.K.'s favor would void the firearms ban and therefore have a 'practical effect.' Thus, we conclude that D.K.'s commitment is not a moot issue because it still subjects him to the collateral consequence of a firearms ban." *Id.*, ¶25.[4]

¶9 Unlike *D.K.*, the instant case involves an appeal from an extension order, not an initial commitment order. As S.A.M. himself acknowledges, the court imposed a firearms ban in both the original commitment order and the recommitment order. Both orders specifically state that the firearms prohibition "shall remain in effect until lifted by the court" and that "[e]xpiration of the mental commitment proceeding does not terminate this restriction." There is no indication in the record, nor does S.A.M. assert, that the firearms ban was ever lifted following its initial imposition.

---

[4] Because the firearms ban in itself was sufficient to render D.K.'s challenge to his commitment not moot, the court declined to address D.K.'s costs of care or negative stigma arguments. *Marathon Cty. v. D.K.*, 2020 WI 8, ¶25 n.7, 390 Wis. 2d 50, 937 N.W.2d 901.

¶10    As stated, the **D.K.** court's determination that D.K.'s appeal was not moot was based on the court's conclusion that "a decision in D.K.'s favor would void the firearms ban and therefore have a 'practical effect.'" **Id.** In contrast to **D.K.**, the question here is whether a decision reversing the six-month *extension* would impact the firearms ban. Because S.A.M. has failed to show that the restriction on his ability to possess a firearm is the result of the six-month extension rather than a result of the original commitment order, he has not shown that a decision in his favor will impact the firearms ban.

¶11    S.A.M. argues that the extension order could have an impact on his ability to have the firearms prohibition lifted. S.A.M. notes that a person banned from possessing a firearm following an involuntary commitment may petition the circuit court to cancel the ban, and that, pursuant to WIS. STAT. § 51.20(13)(cv)1m.b., the circuit court may grant such a request only if, among other things, "the individual's record and reputation indicate that the individual is not likely to act in a manner dangerous to public safety and that the granting of the petition would not be contrary to public interest." S.A.M. argues that the number of commitments or extensions a person has on his or her record "may be relevant" to the court's determination of whether an individual is likely to act in a manner dangerous to public safety. As a result, he asserts: "The firearms ban associated with SAM's commitment extension and the extension's implications for his ability to obtain a cancellation of the ban are therefore real and substantial collateral consequences of the extension order."

¶12    S.A.M.'s conclusory assertion, without more, is insufficient to show that the firearms ban, or an inability to get the ban lifted, results from the six-month extension in this case. Thus, he has not shown that a vacatur of the extension order underlying this appeal would impact the firearms ban about which

he complains. Accordingly, vacating this extension order would have no practical effect on S.A.M.'s firearm restriction. *See Milwaukee Cty. v. E.C.H.*, No. 2019AP772, unpublished slip op. ¶11 (WI App Jan. 14, 2020).

¶13 A similar rationale applies with respect to the social stigma that S.A.M. asserts is associated with the recommitment order in this case. S.A.M. does not explain why any potential social stigma would be the result of the six-month extension rather than from the initial commitment itself. Moreover, S.A.M. has not alleged that he has suffered from any particular social stigma associated with either his initial commitment or the extension of his commitment following his February 1, 2019 release from the recommitment. *See E.C.H.*, No. 2019AP772, ¶10.

¶14 Finally, as to S.A.M.'s alleged monetary liability, S.A.M. has not alleged any actual monetary liability for which he has been held responsible. S.A.M.'s hypothetical liability does not constitute a consequence sufficient to avoid application of the mootness doctrine in this case. *See E.C.H.*, No. 2019AP772, ¶12.

¶15 Because S.A.M. has not shown that collateral consequences have resulted from the six-month extension in this case, I apply the holding in *J.W.K.* that the "appeal of [his] expired commitment order is moot." *See J.W.K.*, 386 Wis. 2d 672, ¶14. I also note that S.A.M. does not argue that any of the five exceptions to the mootness doctrine apply, *see id.*, ¶12, nor does he contest the County's argument that these exceptions are inapplicable. Thus, S.A.M. has conceded that the exceptions do not apply.

## CONCLUSION

¶16 For the reasons stated, S.A.M.'s appeal is dismissed as moot.

*By the Court.*—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.